19863

Dora B. McCALL, Respondent, v. Marian McCALL BANGS and William Grayson McCall, Appellants

(207 S. E. (2d) 91)

*John H. Hydrick, Jr., Esq.,* of West Columbia, *for Appellants,*

*Messrs. Thomas E. McCutchen and R. Davis Howser,* of *Whaley, McCutchen, Blanton & Dent,* Columbia, *for Respondent,*

*John H. Hydrick, Jr., Esq.,* of West Columbia, *for Appellants,* in Reply.

July 17, 1974.

BUSSEY, Justice:

This is an appeal from an order of the Court of Common Pleas for Richland County entered upon an appeal to that court from the Probate Court. The circuit court held, *inter alia,* that an otherwise applicable statute of limitations was inapplicable between husband and wife during the continuance of the marital relation. The sole issue on appeal is whether he was correct in so holding.

Only a relatively brief statement of the facts is necessary. The respondent Dora B. McCall, formerly Dora B. Gilley, married one A. A. McCall, Jr. on August 30, 1962. The parties lived together until the death of Mr. McCall on January 11, 1970, and Mrs. McCall is the administratrix of his estate. Involved is a claim of Mrs. McCall against the estate for the sum of $15,000, together with interest thereon, based on a note in that amount signed by McCall dated July 26, 1960, subsequently assigned to respondent, then Dora B. Gilley, payment thereof being extended by her to February 14, 1961. The record contains no evidence of any further extension or acknowledgement after February 14, 1961, and this proceeding to enforce the payment of the alleged debt was not commenced until August 3, 1973, more than 12 years after the indebtedness was finally due. It follows that the respondent's claim is barred by Code Section 10-143, unless such section be inapplicable as held by the circuit court.

There is admittedly considerable authority from other jurisdictions, relied upon by the circuit court, for the proposition that statutes of limitations are inapplicable between husband and wife during the continuance of the marital status. See 41 Am. Jur. (2d) 441, Husband & Wife, Section 520; 54 C. J. S. Limitations of Actions § 224 *et seq.,* p. 258; An-

notation: 121 A. L. R. 1382. As said in 41 Am. Jur. (2d) at 441:

"There has been considerable controversy over whether the statute of limitations is applicable between husband and wife during continuance of the marital status, arising mostly from the common-law unity or identity of the spouses, the consequent disability of the wife to sue at law her husband or a third party, and the policy of the law to encourage domestic peace and tranquility; and the controversy has been emphasized rather than answered by the Married Women's Enabling Acts."

A review of many, but of course not nearly all, of the authorities indicates a state of rather hopeless confusion. It appears that many states have limitation statutes which contain saving clauses in favor of married women as to causes of action arising in their favor during coverture and under such clauses a wife's cause against her husband, accruing during coverture, is not barred until expiration of the time allowed after the removal of coverture. While texts, and a number of decisions rather broadly state that the true reason for the rule of the statute of limitations not running on claims between husband and wife, is the policy of the law to refrain from fostering domestic discord that would follow from litigation between spouses, for fear of the claims being barred, an examination of many cases leads to a contrary conclusion. The true origin and basis of the rule, is we think, the common-law unity or identity of the spouses and the disability of coverture, and such is rather clearly demonstrated by the earlier cases. Even many of the later cases are clearly founded upon the proposition that the disability of coverture had not yet been completely abolished in the particular jurisdictions.

In jurisdictions where the commonlaw disability of coverture has been completely abolished, as is the case in South Carolina, the better reasoned decisions hold that a statute of limitations is applicable between husband and wife during coverture. At least several jurisdictions,

however, still follow the rule of inapplicability adopted prior to the removal of disabilities, even though disabilities have apparently been now completely removed.

The common-law theory of unity or identity of the spouses and the disability of coverture, insofar as they affect litigation have long since been completely abolished in this jurisdiction. Section 10-216 of the Code reads as follows: "Action by and against married woman.— A married woman may sue and be sued as if she were unmarried. When the action is between herself and her husband she may likewise sue or be sued alone." This Code section had as its genesis an Act of the General Assembly, 1870 (14) Section 137, and was last amended in 1925, now nearly 50 years ago. In the case of *Bryant v. Smith, et ux.,* 187 S. C. 453, 198 S. E. 20, the Court had occasion to review a number of our Married Women's Emancipation or Enabling Acts, including the Code section above quoted, then part of Section 400 of the 1932 Code, and concluded its review with the following language:

"As the result of these successive legislative steps in the direction of a larger liberty and a corresponding responsibility, we think that the law of servitude in marriage is repealed in this State. An analysis of the broad and comprehensive language of Sec. 400 shows that the legislature meant to complete the work of emancipation, and to give married women all the rights and remedies possessed by unmarried women, and to subject them to all of the laws of the State, without reference to the marital relation."

Under the law of this jurisdiction it is clear that respondent was under no disability as a result of her coverture and the statute of limitations has no saving clause in her favor. But, even if coverture constituted a disability, her claim would still be barred by the statute of limitations because her right of action accrued long before her coverture. Section 10-105 of the Code reads as follows:

"Disability must exist when right accrued.—No person shall avail himself of a disability unless it existed when his right of action accrued."

Regarding the argument advanced by the respondent, ▪ and some courts, that as a matter of public policy a statute of limitations should not run during marriage because domestic discord would be promoted if a wife, in order to protect her rights, were compelled to bring action against her husband, we regard the establishment of any such exemption or exception to our statutes of general application to be, if perchance advisable, a legislative and not a judicial function. Cf. In re Crawford's Estate, 155 Kan. 388, 125 P. (2d) 354. It being clear to use that the respondent's claim, here in issue, is barred by the statute of limitations, the judgment of the court below, insofar as it holds to the contrary, is hereby,

Reversed.

Moss, C. J., LEWIS and LITTLEJOHN, JJ., and E. HARRY AGNEW, Acting Associate Judge, concur.