## MORGAN v CINCINNATI INSURANCE COMPANY

Docket No. 78-3514. Submitted March 7, 1979, at Detroit.—Decided June 20, 1979. Leave to appeal granted, 407 Mich 898.

Helen Morgan and her husband owned a house as tenants by the entireties. Cincinnati Insurance Company issued a policy of insurance on the house naming Helen and her husband as coinsureds. Helen had commenced divorce proceedings and the parties were living separately when her husband set fire to the house. Helen's claim for house damage under the policy was denied and she brought an action against Cincinnati Insurance Company. Calhoun Circuit Court, Creighton R. Coleman, J., denied recovery as to any portion of the value of the realty on the grounds that plaintiff's husband was a party to the insurance contract and that his actions in starting the fire were tantamount to an attempt to defraud the defendant. Plaintiff appeals. *Held:*

An innocent wife may recover under an insurance policy naming her and her husband as coinsureds covering realty if her interests are divisible from those of her husband who set fire to their house. But if the interests are joint and nonseparable she cannot recover. Helen Morgan and her husband owned the insured house by the entireties, where unity of time, interest, title and possession must exist. Under the circumstances, the Court of Appeals is unable to say that Helen has any divisible interest.

Affirmed.

1. INSURANCE — COINSUREDS — FRAUD — BAR TO RECOVERY.

Generally, where recovery is based upon a joint policy and the property is owned by the parties as joint tenants, or tenants by the entireties, an attempt to defraud by one of the insureds is a complete bar to recovery under the policy by the other party or parties.

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance § 762.

[2] 43 Am Jur 2d, Insurance § 298.

2. INSURANCE — COINSUREDS — FRAUD — BAR TO RECOVERY.

> An innocent insured may recover under an insurance policy if his
> or her interests are divisible from those of a coinsured who is
> involved in an attempt to defraud situation; but if the interests
> are joint and nonseparable he or she cannot recover.

*Birkhold, Newland, Birkhold & Hord,* for plaintiff.

*Allen, Worth & Hatch* (by *Kurt F. Letzring*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and BASHARA, JJ.

D. E. HOLBROOK, JR., P.J. This appeal arises as a result of a trial court entry of partial summary judgment in favor of defendant. Plaintiff and her husband owned a house as tenants by the entireties. Plaintiff had commenced divorce proceedings and the parties were living separately when plaintiff's husband set fire to the house. Defendant had previously issued a policy of insurance on the house naming plaintiff and her husband as coinsureds.

The trial court granted partial summary judgment in favor of the plaintiff as to certain of the personalty in the house. Such award is not however part of the instant appeal. Recovery as to any portion of the value of the realty was denied on the grounds that plaintiff's husband was a party to the insurance contract and his actions in starting the fire were tantamount to an attempt to defraud defendant.

*Monaghan v Agricultural Fire Ins Co,* 53 Mich 238; 18 NW 797 (1884), stands for the proposition that an attempt to defraud by one of the insureds is a complete bar to recovery under the policy. Moreover, this view has nationwide support espe-

cially when recovery is based upon a joint policy and the property is owned by the parties as joint tenants or tenants by the entireties. Anno: *Fraud, false swearing, or other misconduct of insured as barring recovery on property insurance by innocent coinsured,* 24 ALR3d 450.

While the Supreme Court in *Simon v Security Ins Co,* 390 Mich 72; 210 NW2d 322 (1973), has modified the *Monaghan* concept by holding that if the coinsured's interests are divisible then the innocent insured may recover whereas if the interests are joint and nonseparable he or she cannot; this does not lend assistance to plaintiff's claim. Here the parties owned the insured house as tenants by the entireties where unity of time, interest, title and possession must exist. Under the circumstances we are unable to say that any divisible interest exists under a tenancy by the entireties. Plaintiff's claim, therefore, that the trial court erred in granting partial summary judgment in favor of defendant lacks merit in the law.

It is with extreme reluctance that we hold as we do. In all probability had the parties proceeded to divorce the plaintiff would have been awarded at least a part of the marital home. By allowing the husband to deliberately destroy its value and deny the wife her ultimate due, seems harsh. The trial court could, however, grant the wife a sum certain to rectify the apparent inequity provided the husband was collectible. However, there is no certainty as to this. We would, therefore, hope the Supreme Court would take a further and fresh look at this most perplexing problem toward the end that an innocent tenant by the entireties would not be punished by the other's wilful and wrongful acts. While perhaps we could hold other than we do, we feel bound by precedent. If a

change in the law is to take place it should be by action of the Supreme Court, whose dictates we are duty bound to follow.

Affirmed. No costs.