21571

R. A. EARNHARDT TEXTILE MACHINERY DIVISION, INC., Appellant, v. SOUTH CAROLINA INSURANCE COMPANY, Respondent.

(282 S. E. (2d) 856)

*William V. Cummings*, Spartanburg, *for appellant.*

*James W. Hudgens*, Spartanburg, *for respondent.*

September 22, 1981.

*Per Curiam:*

This appeal is from an order relieving respondent insurance company from liability under an insurance policy issued to appellant. We affirm.

Appellant sold a piece of textile machinery to a Honduras corporation and made certain representations as to the machine's condition. In July of 1978, the Honduras company commenced a lawsuit against appellant ( the "Federal action" ) in the United States District Court in this State alleging that the equipment failed to conform to the agreement of the parties. In April of 1980, appellant first notified respondent of the Federal action. When respondent declined to undertake appellant's defense, appellant sought a declaratory judgment from the court below. On cross motions for summary judgment, the lower court held that the Federal complaint did not allege an "occurrence" or "property damage" as those terms are defined in the policy. The lower court also held that the policy specifically excluded coverage.

The subject policy contains the following provisions:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

A. bodily injury or

B. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any

suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false, or fraudulent.

"Property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period. . . .

. . . . . . . . .

"Occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured. . . .

We have held that, in general, the obligation of a liability insurance company under the policy provisions requiring it to defend an action is to be determined by the allegations of the complaint in such action. If the alleged facts in the complaint fail to bring the case within the policy coverage, the insurer is free of the obligation to defend. *Stroup Sheet Metal Works, Inc. v. Aetna Casualty & Surety Co.*, 268 S. C. 203, 232 S. E. (2d) 885 (1977).

Three causes of action are alleged in the Federal action. The first is for breach of contract, the second for fraud, and the third for violation of the South Carolina Unfair Trade Practices Act, S. C. Code § 39-5-10, *et seq.* (1976).

In the contract cause of action, the Honduras company alleges that it contracted with appellant for the purchase of a fully reconditioned piece of textile machinery. The company further alleges that the machine it received failed to conform to the agreement of the parties. There is no allegation of negligence. As to this cause of action, the *Stroup* case is controlling. In *Stroup*, this Court construed a third party claim against an insured as one for breach of contract for faulty workmanship and held the insurer was not obligated to defend. The pertinent portions of both the coverage clause and the definition of occurrence are identical in the policy involved in *Stroup*

and the policy under consideration here. We conclude, therefore, that the first cause of action fails to bring the case within the policy coverage.

The second and third causes of action both contain allegations that the appellant knowingly and willfully misrepresented the condition of the machinery in question. In the case of *General Insurance Co. of America v. Palmetto Bank*, 268 S. C. 355, 233 S. E. (2d) 699 (1977), this Court held that an insurer was not obligated to defend a lawsuit against its insured for damages allegedly resulting from the insured's intentional distraint on property of a lessee. The allegation of intent precluded damage that was neither expected nor intended by the insured.[1] As in the *Palmetto Bank* case, the policy involved here defines "occurrence" so that coverage is limited to injury or damage which is "neither expected nor intended from the standpoint of the insured." Therefore, we find the holding of *Palmetto Bank, supra,* controlling with respect to the second and third causes of action.

As the Federal complaint has not alleged facts to bring the cause within the policy's coverage, we hold that respondent was under no duty to defend. It is, therefore, unnecessary to decide whether the Honduras company's claim was specifically excluded by other terms of the policy or whether respondent was excused from defending the lawsuit by appellant's alleged breach of policy provisions regarding notice and the forwarding of suit papers.

Affirmed.

---

[1] Compare, *Boggs v. Aetna Casualty and Surety Co.*, 272 S. C. 460, 252 S. E. (2d) 565 (1979), holding that the negligent location of a house on a lot would constitute an occurrence.