22206

Charles McCRACKEN and Carol McCracken, Plaintiffs, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant.

(325 S. E. (2d) 62)

Supreme Court

*Carol McCracken, pro se.*

*Joseph R. Young,* Charleston, and *Clayton H. Farnham,* Atlanta, *for defendant.*

Submitted Oct. 31, 1984.

Decided Jan. 3, 1985.

LITTLEJOHN, Chief Justice:

This case is pending for determination in the United States District Court. Pursuant to Rule 46 of the Supreme Court of South Carolina, we agreed to rule upon a question certified by that Court to us as follows:

> Under South Carolina law, can an innocent spouse recover his or her share under an insurance policy issued jointly to husband and wife, which insured property owned by them as joint tenants, where the loss by fire resulted from the intentional burning of the property by the other spouse?

Plaintiffs-appellants, Charles and Carol McCracken, sued Government Employees Insurance Company, defendant-respondent, to recover on insurance policies for losses incurred from the burning of their residence. At trial, the jury found that the husband, Mr. McCracken, intentionally burned the property; that wife, Mrs. McCracken, was not involved in the arson; and further that the husband had obtained the policy by false material representations. Upon appeal, the Fourth Circuit Court affirmed the jury's findings, but remanded the case to the District Court to determine if the innocent wife may recover her share of the insurance proceeds. Since the question is novel to South Carolina law which is controlling, we agreed to accept the question.

While the question certified is one of first impression in South Carolina, several Courts in other jurisdictions have confronted the issue. See, Annotation, 11 A.L.R. 4th 1228 (1982). Many of the cases have turned on whether the interests of the coinsureds are considered joint or severable.

Generally speaking, where the interests in the property are considered nonseverable, the courts have held that the

innocent party may not recover. *See Short v. Oklahoma Farmers Union Insurance*, 619 P. (2d) 588 (Okla. 1980); *Morgan v. Cincinnati Insurance Co.*, 91 Mich. App. 48, 282 N.W. (2d) 829 (1979). Where the interests in the property are regarded as divisible or severable, the innocent co-insured is not prevented from recovering on the policy, notwithstanding that the other insured intentionally burned the covered property. *See Hosey v. Seibels Bruce Group, South Carolina Insurance Co.*, 363 So. (2d) 751 (Ala. 1978); *Hoyt v. New Hampshire Fire Insurance Co.*, 92 N.H. 242, 29 A. (2d) 121 (1942).

A second group of states examines whether the obligations of the co-insured as indicated in the insurance contract are joint or severable. *See St. Paul Fire & Marine Insurance Co. v. Molloy*, 291 Md. 139, 433 A. (2d) 1135 (1981). *Ryan v. MFA Insurance Co.*, 610 S.W. (2d) 428 (Tenn. App. 1980).

A final group allows recovery without regard to whether the underlying property or insurance contract interest was joint or divisible, and instead examines whether the liability for the fraudulent act can be considered separate or joint. *See Howell v. Ohio Casualty Insurance Co.*, 130 N.J. Supp. 350, 327 A. (2d) 240 (1974); *Winter v. Aetna Casualty & Surety Co.*, 96 Misc. (2d) 497, 409 N.Y.S. (2d) 85 (1978). In virtually all cases examined under this rationale, recovery for the innocent spouse or co-insured is allowed.

Inasmuch as there is a decided split of authority, we feel at liberty, in the absence of contractual provisions and statutes, to choose that rule which appeals to our sense of reason and fairness. That rule is enunciated in the following two cases.

In *Hildebrand v. Holyoke Mutual Fire Insurance Co.*, 386 A. (2d) 329 (Me. 1978), the Supreme Court of Maine construed the policy language, "named insured," to mean a specific insured, namely, the insured who is responsible for causing the loss sought to be recovered under the policy. The court there also held that allowing recovery was not against policy nor was it violative of the terms of the insurance contract.

In *Howell v. Ohio Casualty Insurance Company*, 130 N.J. Super. 350, 327 A. (2d) 240 (1974), the Appellate Division of the Superior Court of New Jersey indicated that refusing to permit recovery by an innocent spouse could be justified only by the outmoded metaphysical concept

based on the legal fiction of the "oneness" of husband and wife. In South Carolina, the unity of spouses and the disability of coverture as affecting litigation have been abolished. *McCall v. Bangs*, 262 S. C. 657, 207 S. E. (2d) 91 (1974). Thus, in South Carolina, the acts of one spouse are not, as a matter of law, imputed to the other spouse.

The terms of an insurance policy must be construed liberally in favor of the insured and strictly against the insurer. *Gaskins v. Blue Cross Blue Shield of S. C.*, 271 S. E. 101, 245 S. E. (2d) 598 (1978). We decline to make any distinction between property which is held jointly or severably and hold that in the absence of any statute or specific policy language denying coverage to a co-insured for the arson of another co-insured, the innocent co-insured shall be entitled to recover his or her share of the insurance proceeds.

Counsel for the respondent argues that the question certified to us is moot because the jury found in the previous trial the husband procured the policy through fraud. Respondent claims that because of that fraud, the policy was void *ab initio*. That issue, however, was not submitted to this Court; therefore, we do not express an opinion on this issue.

NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.