**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Jimmy M. BIGGERSTAFF, Nancy H. Biggerstaff, and Kevin Nesmith, Defendants.**

**Civ. A. No. 2:87–3148–8.**

United States District Court, D. South Carolina, Charleston Division.

Jan. 13, 1989.

Robert G. Clawson, Charleston, S.C., for plaintiff.

Synthia R. Glover, Charleston, S.C., for Kevin Nesmith.

Willie Abrams, NAACP Special Contributions Fund, Baltimore, Md., James W. Hudgens, Spartanburg, S.C., for defendants Jimmy M. Biggerstaff and Nancy H. Biggerstaff.

### AMENDED ORDER

BLATT, Chief Judge.

This matter is before the court on plaintiff's motion for summary judgment and defendants' cross-motion for summary judgment. The record includes a report of a United States Magistrate in which he recommends summary judgment for the defendants on the duty to defend issue, and denial of summary judgment for either party on the duty to indemnify issue. The report and recommendation of the United States magistrate was made in accordance with 28 U.S.C. § 636 and the local rules of this district concerning reference to a magistrate. *See United States Magistrates,* Local Rule 19, D.S.C.; *Social Security Cases,* Local Rule 20, D.S.C.; *Bowman v. Bordenkircher,* 522 F.2d 209 (4th Cir.1975). Under 28 U.S.C. § 636(b),

[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

In the present case, the plaintiff filed objections to the magistrate's report on December 14, 1988.

The present action is one in which the plaintiff insurance company seeks a declaratory judgment to determine its duty to defend and/or indemnify Cadet Jimmy M. Biggerstaff in a lawsuit filed in this court against Biggerstaff and other cadets[1] by Kevin Nesmith. Basically, Nesmith alleges that defendant Cadet Biggerstaff conspired and joined with others in committing the intentional torts of assault, trespass, and intentional infliction of emotional distress, all of which resulted in denying Nesmith his constitutional rights. Allstate issued a homeowners' policy, in effect in 1986 when the incidents took place, to Nancy Biggerstaff, Cadet Biggerstaff's mother.

Allstate contends that the policy is inapplicable in the Nesmith action as it excludes coverage for intentional actions such as those complained of by Nesmith. Additionally, plaintiff alleges that the injury of emotional distress alleged by Nesmith is not covered by the policy, as it is not "bodily injury" as defined by the policy.

In their cross-motion for summary judgment, the defendants allege that the cadets did not intend nor reasonably expect their actions towards Nesmith to cause the injuries or damages alleged by Nesmith. Therefore, according to Biggerstaff, Allstate must defend him in the action brought by Nesmith and indemnity him for any judgment rendered against him.

First, plaintiff objects to the magistrate's recommendation that this court grant summary judgment to the defendants on the duty to defend issue. Plaintiff contends that the language of the policy clearly excludes from coverage any *intentional* acts. Since Nesmith's complaint asserts causes of action for intentional torts, Allstate contends that neither its duty to defend nor its duty to indemnify are invoked in the *Nesmith* action.

The magistrate, relying on *Miller v. Fidelity–Phoenix Ins. Co.*, 268 S.C. 72, 231 S.E.2d 701 (1977), notes that in order for an intentional act exclusion of an insurance policy to apply, not only must the acts causing the loss be intentional, the loss or injury resulting from the acts must have been intended. *Id.* 231 S.E.2d at 702. Plaintiff contends that the magistrate's reliance on *Miller* is misplaced. Instead, plaintiff avers, the court should look to *South Carolina Medical Malpractice Liability Ins. Joint Underwriting Assoc. v. Ferry, et al.*, 291 S.C. 460, 354 S.E.2d 378 (1987) and *R.A. Earnhardt Textile Machinery Division, Inc. v. South Carolina Ins. Co.*, 277 S.C. 88, 282 S.E.2d 856 (1981), and find that since Nesmith's complaint clearly alleges that the cadets actions were intentional, the intentional acts exclusion necessarily applies, thereby absolving Allstate of any duty to defend or indemnify.

This court agrees with the magistrate's application of *Miller* to this declaratory judgment action. The rule established in that case that the damages resulting from the actions, and not merely the actions themselves, must be intentional, is clearly the law in South Carolina today. *Ferry* and *Earnhardt Textile* do not deal with the "intention of the act/intention of the result" distinction, nor do their facts give rise to such a differentiation. Therefore, this court finds plaintiff's first objection to be without merit.

Second, plaintiff asserts that even under the *Miller* rationale, they owe no duty to defend Biggerstaff. The plaintiff relies on the dissent in *Miller* to argue against the "intentional act/intentional damage" distinction. As it is clear that *Miller* is still

---

1. Originally, Nesmith included officials of The Citadel in his action, but The Citadel officials were dismissed from the *Nesmith* action by order of this court dated December 7, 1988.

the law in South Carolina, this court finds such argument to be unpersuasive. Plaintiff also relies on *Allstate Ins. Co. v. Browning,* 598 F.Supp. 421 (D.Or.1983), a case in which the United States District Court for the District of Oregon[2] found that the defendants' harassing of a black family was necessarily intended to inflict the resulting harm. This court is not prepared to find as a matter of law that the acts of the cadets certainly intended the resultant harm alleged by Nesmith in his complaint. Accordingly, this court finds plaintiff's second objection to be without merit.

 Third, plaintiff objects to the magistrate's recommendation of summary judgment for the defendants on the duty to defend issue because the homeowners' policy limits coverage to "bodily injury" or "property damage." The magistrate notes that the law in South Carolina, as established by *Spaugh v. Atlantic Coastline Rail Co.,* 158 S.Ct. 25, 155 S.E. 145 (1930) and reaffirmed by *State Farm Mutual Auto Ins. Co. v. Ramsey,* 295 S.C. 349, 368 S.E.2d 477 (Ct.App.1988), *aff'd,* 374 S.E.2d 896 (S.C.Sup.Ct.1988) is that "bodily injury" need not be manifested by physical loss, but emotional strain is "bodily injury" in insurance parlance. The plaintiff objects to the magistrate's finding and asserts that *Ramsey* is limited to emotional distress caused to bystanders. Without reaching the *Ramsey* case and its applicability to the present action, this court finds the *Spaugh* case to be apposite here and, accordingly, finds that the magistrate correctly found that "bodily injury" under the Allstate policy does include emotional distress. Therefore, this court finds plaintiff's third objection to be without merit.

As this court finds all of plaintiff's objections to be without merit, and given the courts' proclivity to construe insurance policies liberally against the insurer and in favor of the insured, *McCracken v. Government Employees Ins. Co.,* 284 S.C. 66, 325 S.E.2d 62 (1985); *Miller,* 231 S.E.2d at 702, plaintiff's motion for summary judgment on the duty to defend is denied and defendants' cross-motion for summary judgment on the duty to defend is granted. As for the motion for summary judgment on the plaintiff's duty to indemnify the defendant Biggerstaff for any judgment rendered against him, such motion is denied as there exist material issues of fact concerning Cadet Biggerstaff's state of mind at the time the acts complained of were committed.

IT IS SO ORDERED.

---

2. The law of South Carolina, not Oregon, is controlling in this action.