## 1616

William F. PRIOR, Appellant v. S. C. MEDICAL MALPRACTICE LIABILITY INSURANCE JOINT UNDERWRITING ASSOCIATION, Respondent.

(407 S.E. (2d) 655)

Court of Appeals

*James B. Richardson, Jr.* of *Svalina, Richardson & Smith,* Columbia, *for appellant.*

*William L. Pope* and *Kelly E. Shackleford* of *Pope & Rodgers,* Columbia, *for respondent.*

Heard Jan. 21, 1991.

Decided Feb. 25, 1991.

*Per Curiam:*

William F. Prior (Prior), a medical doctor, brings this action for declaratory judgment against his professional liability insurance carrier, South Carolina Medical Malpractice Liability Insurance Joint Underwriting Association (JUA), to determine if JUA owed a duty to defend Prior in a medical malpractice action and to pay the judgment. The trial judge granted summary judgment to JUA. Prior appeals. We affirm.

The facts of this case are undisputed. One of Prior's patients, Patty Honea (Patient), alleged that in November 1984, during an examination for birth control pills, Prior sexually assaulted her. That same month, the Patient filed a complaint against Prior with the sheriff's department, and the sheriff's department took Prior's statement. Prior did not notify JUA of the criminal complaint. Ultimately, the solicitor dismissed the Patient's complaint.

On May 1, 1986, the Patient sued Prior for battery, assault, negligence and outrage. Prior did not advise JUA; instead, he hired his own attorney. In August 1986, Prior's attorney withdrew because of a conflict of interest, and on August 21, 1986, Prior forwarded the summons and complaint to JUA.

JUA undertook representation of Prior under strict reservation of rights to later disclaim coverage. JUA took Prior's deposition and then, based on that deposition and the allegations in the Patient's complaint, withdrew its defense and denied coverage. JUA withdrew its defense on the grounds that the Patient's claim did not arise out of the performance of professional services and that Prior breached his duty to notify JUA in a prompt fashion and to forward suit papers immediately to JUA.

In October 1986, the case was tried, and the trial judge submitted all four causes of action to the jury. The jury returned a general verdict against Prior, awarding $15,000 actual damages and $80,000 punitive damages. The case was affirmed on appeal. *Honea v. Prior*, 295 S.C. 526, 369 S.E. (2d) 846 (Ct. App. 1988). Prior then brought this action seeking indemnification from JUA.

The issues of merit are (1) whether the Patient's claim arose out of the performance of professional services and, therefore, JUA had a duty to defend and (2) whether JUA had a duty to defend despite Prior's failure to notify JUA in a timely fashion.

We hold that the trial judge correctly found that the Patient's claim did not arise from the performance of professional services. Under JUA's contract with Prior, JUA is only obligated to pay claims "arising out of the performance of professional services."

If the facts alleged in the Patient's complaint fail to bring a claim within policy coverage, JUA has no duty to defend. *See R.A. Earnhardt Textile Mach. Div., Inc. v. South Carolina Ins. Co.*, 277 S.C. 88, 282 S.E. (2d) 856 (1981). To determine, therefore, if JUA has a duty to defend, we must look to the allegations of the complaint. *Hartford Accident and Indem. Co. v. South Carolina Ins. Co.*, 252 S.C. 428, 166 S.E. (2d) 762 (1969). In examining the complaint, we must look beyond the labels describing the acts, to the acts themselves which form the basis of the claim against the insurer. *See South Carolina Medical Malpractice Liability Ins. Joint Underwriting Ass'n v. Ferry*, 291 S.C. 460, 354 S.E. (2d) 378 (1987). In *Ferry*, the South Carolina Supreme Court examined the original complaints and found that "[d]espite the use of the terms 'negligence' and 'recklessness,' the allegations charged the commission of an intentional tort only." 291 S.C. at 462, 354 S.E. (2d) at 379-380 (the amended complaints alleged maintainable causes of action in negligence).

In the case before us, despite the label of negligence, the act the Patient complained of was sexual assault, an intentional tort. Intentional torts are not covered in Prior's medical malpractice insurance policy; therefore, JUA had no duty to defend or to pay the claim.

Even if the Patient's claim had arisen from professional services, JUA had no duty to defend because Prior failed to timely notify JUA. "No rule of law is more firmly established in this jurisdiction than that one suing on a policy of insurance, where the notice required by the policy is not timely given, cannot recover. . . ." *Lee v. Metropolitan Life Ins. Co.*, 180 S.C. 475, 486, 186 S.E. 376, 381 (1936). In November 1984, Prior knew that the Patient was complaining of his conduct, but he did not contact JUA until August 1986. Prior also failed to forward the summons and complaint to JUA until approximately four months after he received them. JUA's insurance policy clearly states that it is the insured's duty to notify JUA "[u]pon the Insured's becoming aware of

any alleged injury. . . ." Prior was aware that the policy imposed an obligation to advise JUA any time there was a claim or lawsuit.

Prior argues that JUA must show that it was substantially prejudiced by the delay in order to deny coverage. The cases upon which Prior relies, however, involve innocent third parties. Here there is no innocent third party beneficiary. The Patient has been paid her judgment. "[T]he failure to give the required notice in the allotted time is fatal to the right of recovery, even if it be shown that the insurance company has suffered no harm by the delay." *Lee v. Metropolitan Life Ins. Co.*, 180 S.C. at 487, 186 S.E. at 381. Prior failed to notify JUA in a timely manner, thus violating the insurance policy. This failure justified JUA's refusal to defend and to deny coverage.

We hold that the Patient's claim did not arise from the performance of professional services and Prior failed to notify JUA in a timely manner. For these reasons JUA had no duty to defend or provide coverage. The opinion of the trial judge is affirmed.

**Affirmed.**