666 S.E.2d 897

**COLLINS HOLDING CORPORATION, Respondent,**

v.

**WAUSAU UNDERWRITERS INSURANCE COMPANY
and Marsh USA, Inc., Defendants,**

**of whom Wausau Underwriters Insurance
Company is the, Appellant.**

**No. 26544.**

Supreme Court of South Carolina.

Heard June 25, 2008.

Decided Sept. 8, 2008.

Rehearing Denied Oct. 9, 2008.

574

Evans T. Barnette and Susan F. Campbell, both of McCutchen Blanton Johnson & Barnette, of Columbia, for Appellant.

George J. Kefalos, of Charleston, and Richard S. Rosen and Daniel F. Blanchard, III, both of Rosen Rosen & Hagood, of Charleston, for Respondent.

Chief Justice TOAL.

This case is an appeal from a grant of summary judgment in favor of Respondent Collins Holding Corporation ("Collins"), in which the trial court found that Appellant Wausau Underwriters Insurance Company ("Insurance Company") breached its duty to defend Collins. Finding that Insurance Company was not obligated to defend Collins on the underlying claim, we reverse.

## FACTUAL/PROCEDURAL BACKGROUND

Collins is an owner, operator, and distributor of amusement devices and gambling machines. In 1997, several parties ("the Plaintiffs") filed suit against Collins and several other defendants alleging harm caused by the then-legal gambling machines. Collins maintained a commercial general liability and umbrella insurance policy with Insurance Company. The policy provided that Insurance Company would "pay those sums that the insured becomes legally obligated to pay ... because of 'bodily injury,'" only if such injury was caused by an occurrence, and defined an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Collins notified Insurance Company of the suit on June 1, 2000, and on June 16, 2000, Insurance Company issued a letter stating that it did not have a duty to defend Collins and would not indemnify Collins for any loss resulting from the suit since the allegation in the complaint did not create a potential for coverage under the

policy. Consequently, Collins hired private counsel and eventually settled the lawsuit for $500,000.[1]

Subsequently, Collins brought a declaratory judgment action against Insurance Company to determine whether Insurance Company breached its duty to defend Collins in the underlying lawsuit. After reviewing the Plaintiffs' complaint, the trial court granted partial summary judgment in favor of Collins and determined that Insurance Company breached its duty to defend Collins in the underlying lawsuit because the Plaintiffs asserted a negligent misrepresentation cause of action against Collins which created the possibility of an accident or occurrence. The trial court further found that Insurance Company waived any defense to coverage under the policy based on Collins's untimely notice of the lawsuit because it failed to assert this defense to coverage in its answer.

Insurance Company appealed the trial court's order, and this Court certified the case pursuant to Rule 204(b), SCACR. Insurance Company presents the following issues for review:

 I. Did the trial court err in finding Insurance Company had a duty to defend Collins because the Plaintiffs' complaint did not assert an "occurrence" as defined in the insurance policy?

 II. Did the trial court err in ruling that Insurance Company waived any defense to coverage based on Collins's untimely notice of the underlying lawsuit?

## STANDARD OF REVIEW

 Summary judgment is appropriate where there is no genuine issue of material fact and it is clear the moving party is entitled to a judgment as a matter of law. Rule 56(c),

---

1. The suit was removed to federal court and the district court initially granted an injunction and partial summary judgment against Collins and the other defendants. The Fourth Circuit held that the district court should have abstained based on the authority of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), and the court therefore vacated and remanded the case to the district court. *Johnson v. Collins Entm't Co., Inc.*, 199 F.3d 710 (4th Cir.1999). The district court then certified the state law questions, which this Court answered. *Johnson v. Collins Entm't Co., Inc.*, 349 S.C. 613, 564 S.E.2d 653 (2002). The parties settled the suit following this Court's opinion.

SCRCP. In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Koester v. Carolina Rental Ctr.*, 313 S.C. 490, 493, 443 S.E.2d 392, 394 (1994).

## LAW/ANALYSIS

### I. Duty to Defend

■ Insurance Company argues that the trial court erred in ruling that it had a duty to defend Collins in the underlying lawsuit because the Plaintiffs' complaint did not allege an "occurrence." We agree.

■ In an action for a declaratory judgment, the obligation of a liability insurance company to defend and indemnify is determined by the allegations in the complaint. *Mfrs. and Merchants Mut. Ins. Co. v. Harvey*, 330 S.C. 152, 162, 498 S.E.2d 222, 227 (Ct.App.1998) (citing *R.A. Earnhardt Textile Mach. Div. Inc. v. S.C. Ins. Co.*, 277 S.C. 88, 282 S.E.2d 856 (1981)). If the facts alleged in the complaint fail to bring a claim within the policy's coverage, the insurer has no duty to defend. *S.C. Med. Malpractice Liab. Ins. Joint Underwriting Assn. v. Ferry*, 291 S.C. 460, 463, 354 S.E.2d 378, 380 (1987). In examining the complaint, a court must look beyond the labels describing the acts to the acts themselves which form the basis of the claim against the insurer. *Prior v. S.C. Med. Malpractice Liab. Ins. Joint Underwriting Assn.*, 305 S.C. 247, 249, 407 S.E.2d 655, 657 (Ct.App.1991) (citing *Ferry*, 291 S.C. at 462, 354 S.E.2d at 379–80).

We hold that Insurance Company did not breach its duty to defend Collins against the underlying lawsuit because the Plaintiffs' complaint did not allege the possibility of an "occurrence" as defined in the policy. The facts of the complaint asserted that Collins systematically violated South Carolina laws specifically enacted to protect the public from excessive gambling losses. For example, the Plaintiffs asserted Collins exceeded the maximum daily payout limit of $125 and engaged in advertising schemes which fraudulently induced the Plaintiffs to believe that they could win jackpots in excess of the $125 limit. Additionally, the Plaintiffs employed words and

phrases such as: unlawfully and fraudulently seek to induce and entice; engaged in advertising about and offering inducements ... that are clearly and expressly prohibited by South Carolina law; racketeering activity; conspiring; knowingly engaging; and knowingly conducting. These allegations constitute intentional, deliberate, and illegal acts executed with the purpose of addicting patrons to gambling machines, and in our view, such alleged conduct cannot be construed as accidental in nature. *See Green v. U. Ins. Co. of Am.*, 254 S.C. 202, 205, 174 S.E.2d 400, 402 (1970) (defining accident as an unexpected happening or event, which occurs by chance and usually suddenly, with harmful result, not intended or designed by the person suffering the harm or hurt). Therefore, we hold that there is no possibility of coverage under the policy and that Insurance Company did not violate its duty to defend.

We further hold that the trial court erred in basing its finding of the possibility of coverage on the negligent misrepresentation cause of action. In *Manufacturers and Merchants Mutual Insurance Company v. Harvey*, 330 S.C. 152, 498 S.E.2d 222 (Ct.App.1998), the parents of children whom Norman Harvey sexually abused filed suit against Harvey and his wife alleging, among other things, negligent supervision. The court of appeals looked beyond the mere label of negligence, and determined that the underlying facts of the complaint did not support a cause of action for negligent conduct. Specifically, the court found that the facts alleged that Harvey committed intentional acts and then incorporated the acts into the negligence cause of action. Accordingly, the court held that Harveys insurance company did not have a duty to defend.

In our view, this case presents a similar situation. The Plaintiffs alleged eight causes of action including Racketeer Influenced and Corrupt Organizations (RICO) Act violations, fraud and deceit, South Carolina Unfair Trade Practices Act violations, and civil conspiracy. While the complaint does state a cause of action for negligent misrepresentation, we must look beyond the label of negligence to determine if Insurance Company had a duty to defend Collins. *See id.* at 163, 498 S.E.2d at 228 (holding that where a complaint mischaracterizes intentional conduct as negligent conduct, a court

may find no duty to defend despite the label of negligence in the complaint). To support their negligent misrepresentation claim, the Plaintiffs incorporated the previous facts and alleged Collins sold, leased, and distributed machines that were equipped in a manner as to permit manipulation and that were configured to be used in a manner that violated laws expressly designed to protect the public from the lure of excessive gambling. In our view, these allegations do not support a claim for negligent conduct. *Compare Isle of Palms Pest Control Co. v. Monticello Ins. Co.*, 319 S.C. 12, 15, 459 S.E.2d 318, 319 (Ct.App.1994) (finding a duty to defend where the complaint alleged a negligent termite inspection caused property damage). Therefore, because the negligent misrepresentation claim incorporates the same facts and does not allege an "occurrence," we hold that this cause of action did not trigger Insurance Company's duty to defend.

## II. Waiver

Insurance Company argues that the trial court erred in ruling that it waived any defense based on Collins's untimely notice of the underlying lawsuit. In light of our holding regarding the duty to defend, this issue is moot, and we therefore decline to address the merits of this issue. *See Seabrook v. Knox,* 369 S.C. 191, 197, 631 S.E.2d 907, 910 (2006) (recognizing that this Court will not decide moot questions in which a judgment rendered will have no practical legal effect).

### CONCLUSION

For the foregoing reasons, we reverse the trial court's order granting summary judgment, and hold that Insurance Company had no duty to defend Collins in the underlying lawsuit.

MOORE, WALLER and BEATTY, JJ., concur.

PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES.

I respectfully dissent. As the majority holds, when considering whether an insurance company has the duty to defend, the court must look beyond the adjectives and labels used in

the complaint to describe the acts to the acts themselves. *Prior v. S.C. Med. Malpractice Liab. Ins. Joint Underwriting Ass'n,* 305 S.C. 247, 407 S.E.2d 655 (Ct.App.1991). Here, the circuit court judge looked beyond the labels and determined that the negligent misrepresentation claim gave rise to a duty to defend because he found the "fraudulent unlawful promotion" which suggested players could win more than the daily maximum allowable by law and offered special inducements to gamblers, might also be characterized as "unintentionally unlawful." I find the trial judge correctly held that the Plaintiffs alleged a negligent misrepresentation claim based on intentional acts that may have inadvertently violated the law. Unlike the "inherently injurious" conduct in *Mfrs. and Merchants Mut. Ins. Co. v. Harvey,* 330 S.C. 152, 498 S.E.2d 222 (Ct.App.1998), the allegations that Collins advertised, offered food and beverages, and extended credit to Plaintiffs to promote participation in a then legal activity do not allege conduct that is in all particulars illegal.

The facts alleged in the third amended complaint[2] support the circuit court's conclusion that the complaint alleges an occurrence within the meaning of this CGL policy. *E.g., Isle of Palms Pest Control v. Monticello Ins. Co.,* 319 S.C. 12, 459 S.E.2d 318 (Ct.App.1994). Moreover, I would hold that the trial court correctly held appellant waived any right to rely on the alleged untimeliness of respondent's notice when it failed to plead it. While an issue not raised by the pleadings may be tried by consent at a summary judgment hearing, *Staubes v. City of Folly Beach,* 339 S.C. 406, 529 S.E.2d 543 (2000), such was not the case here.

I recognize that based solely on the assertions in the Plaintiffs' third amended complaint, it is unlikely that Collins, as owner/lessor of the machines, could ultimately be liable for negligent misrepresentation. However, when determining whether an insurer has a duty to defend, the obligation is determined by the allegations in the complaint. *Harvey,* 330 S.C. at 162, 498 S.E.2d at 222. Accordingly, I would affirm the trial court's order granting Collins summary judgment.

---

**2.** Although the Plaintiffs incorporate their previously stated facts and allegations into their negligent misrepresentation cause of action, they also include six paragraphs of additional facts and allegations that specifically pertain to negligent misrepresentation.