THIS OPINION HAS
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Regina Miller, Plaintiff,
 v.
 The Unity Group,
 Inc., Modern Business Associates, Continental Casualty Insurance Company, and
 SCUEF, Defendants,
 of whom The
 Unity Group, Inc. Modern Business Associates is Respondent,
 and Continental
 Casualty Insurance Company is, Petitioner.
 
 
 

ON WRIT OF CERTIORARI TO THE COURT OF
 APPEALS

Appeal From Horry County
James E. Lockemy, Circuit Court Judge
Memorandum Opinion No.  2009-MO-037
Heard June 9, 2009  Filed July 13, 2009  
REVERSED

 
 
 
 Kirsten
 L. Barr, of Trask and Howell, of Mt. Pleasant, for Petitioner.
 Natale
 Fata, of Surfside Beach, for Respondent.
 
 
 

PER CURIAM:  We granted a writ of certiorari to review the court 
of appeals unpublished opinion in this case.  We reverse.
On the basis of a finding that The Unity Group was an additional
 insured under Modern Business Associates workers compensation insurance
 policy with Continental Casualty Insurance Company, the court of appeals
 affirmed the circuit court.  The circuit court had determined Continental
 Insurance had a conflict in its representation of Unity Group.  As a result,
 the circuit court ordered Continental Insurance to appoint separate counsel to
 defend the Unity Group.  The finding of a conflict was in error.
We need not reach the question of whether Unity Group is an
 additional insured under Modern Business Associates policy with Continental Casualty as a result of Unity Groups status as an alternate
 employer.  We decline to do so because even assuming Unity Group is an additional
 insured, its status as an insured is unquestionably restricted to Regina
 Millers July 2002 claim in the underlying workers compensation case; Millers
 separate March 2002 claim occurred outside of the policy period.  R. A. Earnhardt Textile Mach. Div., Inc. v. S.C. Ins.
 Co., 277 S.C. 88, 90, 282 S.E.2d 856,
 857 (1981) (If the alleged facts in the complaint fail to bring
 the case within the policy coverage, the insurer is free of the obligation to
 defend.).
The circuit court erred in finding a conflict between Continental
 Insurances counsels representation of Unity Group and Unity Groups interest
 as an alleged insured.  We hold there was no conflict of interest as
 Continental owed no duty to defend Unity Group in Millers March 2002 claim.
REVERSED.
TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.