**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Frank "Doc" Haynie, Appellant,

v.

The City of Forest Acres and Mark M. Williams, Shaun Greenwood, and Clark Frady, in their individual capacities, Respondents.

Appellate Case No. 2014-001728

---

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-246
Heard March 16, 2016 – Filed June 1, 2016

---

**AFFIRMED AS MODIFIED IN PART, REVERSED AND REMANDED IN PART**

---

James Paul Porter and J. Lewis Cromer, both of J. Lewis Cromer & Associates, LLC, of Columbia, for Appellant.

A. Johnston Cox, Janice Holmes, and Jessica A. Waller, all of Gallivan, White & Boyd, P.A., of Columbia, for Respondent City of Forest Acres; Kirby D. Shealy, III and Lyndey R. Zwingelberg, both of Adams and Reese LLP, of Columbia, for Individual Respondents.

**PER CURIAM:**  In this civil matter, Frank "Doc" Haynie appeals the circuit court's grant of summary judgment in favor of the City of Forest Acres (the City) as well as Mark W. Williams, Shaun Greenwood, and Clark Frady in their individual capacities (collectively "Individual Respondents").  Haynie contends the court erred in (1) misapplying the law on his negligent supervision claim, (2) finding Individual Respondents were entitled to immunity under the South Carolina Tort Claims Act (SCTCA),[1] and (3) issuing conflicting contemporaneous orders.  We affirm as modified in part and reverse and remand in part.

1.  We find the circuit court erred in holding Haynie's negligent supervision claim against the City failed as a matter of law because Frady and Greenwood did not engage in the alleged tortious conduct on the City's premises.  *See Degenhart v. Knights of Columbus*, 309 S.C. 114, 116–17, 420 S.E.2d 495, 496 (1992) (holding an employer may be liable for negligent supervision when (1) his employee intentionally harms another when he is on the employer's premises, *is on premises he is privileged to enter only as an employee*, or is using the employer's chattel; (2) the employer knows or has reason to know that he has the ability to control his employee; and (3) the employer knows or should know of the necessity and opportunity for exercising such control).  As building code enforcement officials, Frady and Greenwood were privileged to enter the Brentwood Drive property and the Subway restaurant to enforce the City's building code and permitting ordinances.  Moreover, we hold the court erred in finding, as a matter of law, the City could not have reasonably anticipated the harm resulting to Haynie because the record indicates the City was put on notice of Frady and Greenwood's alleged misconduct.  The evidence submitted, when viewed in the light most favorable to Haynie, establishes the circuit court's grant of summary judgment on the negligent supervision claim was erroneous.[2]  *See, e.g., Hancock v. Mid-South Mgmt. Co.,*

---

[1] S.C. Code Ann. §§ 15-78-10 through -220 (2005 & Supp. 2015).

[2] We respectfully disagree with the dissent's view that the circuit court erred in granting summary judgment on Haynie's entire "negligence/gross negligence" claim.  Haynie's complaint against the City does contain one general cause of action for negligence and gross negligence, but it compartmentalizes "particulars" into subsections (a)–(d).  Subsection (a) focuses on the City's alleged negligence in hiring Greenwood and Frady.  Subsections (b) and (c) relate to the City's alleged

*Inc.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) (holding that, when the preponderance of the evidence standard applies, "the non-moving party is only required to submit a mere scintilla of evidence to withstand a motion for summary judgment"). Accordingly, we reverse and remand for further proceedings.

---

negligence in supervising them. Haynie must prove different elements for these distinct employer liability theories. *See Degenhart*, 309 S.C. at 116–17, 420 S.E.2d at 496 (outlining the elements for a negligent supervision claim); *Doe v. ATC, Inc.*, 367 S.C. 199, 204–08, 624 S.E.2d 447, 450–51 (Ct. App. 2005) (stating the elements for a negligent hiring and retention claim and recognizing it as distinct from a negligent supervision action). Therefore, the circuit court addressed each claim in separate sections in its order. *See Prior v. S.C. Med. Malpractice Liab. Ins. Joint Underwriting Ass'n*, 305 S.C. 247, 249, 407 S.E.2d 655, 657 (Ct. App. 1991) (per curiam) (providing the court, in examining the complaint, must look beyond the labels describing the acts to the acts themselves that form the basis of the claim). In the final section of its order, the court addressed subsection (d) in which Haynie alleged the City "knowingly allow[ed for the] disparate and unequal application of the building codes and city ordinances." Although the dissent takes issue with the circuit court's characterization and dismissal of subsection (d) as an alleged equal protection violation, it agrees that Haynie did not contest the court's dismissal of the negligent hiring claim. Therefore, we decline to reverse the court's grant of summary judgment for the entire "negligence/gross negligence claim" because it would allow Haynie to pursue a claim at trial that he abandoned on appeal. In any event, Haynie's only reference to the circuit court's treatment of subsection (d) appears in footnote three of his final brief where he states "the elements of an equal protection violation are distinct from the elements of a negligence/gross negligence claim; therefore, this holding is irrelevant and need not be addressed." Thus, based upon Haynie's conclusory statement that the court's ruling on his allegations in subsection (d) is irrelevant to his appeal, we find Haynie abandoned the issue, leaving only his challenge to the court's grant of summary judgment on his negligent supervision claim. *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 80–81, 557 S.E.2d 689, 691–92 (Ct. App. 2001) (finding the appellant abandoned an issue presented in a footnote that was "conclusory and cited no supporting authority" even when it was more fully addressed in a reply brief).

2. Next, we find the circuit court erred in granting Individual Respondents immunity from personal liability for the civil conspiracy claim because Haynie presented evidence from which a jury could find Respondents intended to harm him. *See* S.C. Code Ann. § 15-78-70(b) (2005) (providing an exception to SCTCA immunity for personal liability for tortious conduct when an employee's conduct evinces an intent to harm); *Pridgen v. Ward*, 391 S.C. 238, 248–49, 705 S.E.2d 58, 64 (Ct. App. 2010) (holding state agency employees were not entitled to SCTCA immunity from a civil conspiracy claim because circumstantial evidence existed in the record to support the jury's finding that they acted with an intent to harm the plaintiff). Nevertheless, we find Haynie's civil conspiracy claim still fails as a matter of law because a review of the complaint reveals Haynie failed to properly plead special damages stemming from Individual Respondents' alleged civil conspiracy. *See Hackworth v. Greywood at Hammett, LLC*, 385 S.C. 110, 117, 682 S.E.2d 871, 875 (Ct. App. 2009) (holding "[i]f a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of the[] conspiracy claim, [then the] conspiracy claim should be dismissed"). Although presented somewhat differently, we find the damages resulting from Haynie's allegations of negligence against the City and the special damages for the civil conspiracy claim against Individual Respondents are essentially one and the same. The special damages for litigation costs, emotional distress, and embarrassment all overlap with the damages Haynie pled against the City. Therefore, we affirm the circuit court's grant of summary judgment in favor of Individual Respondents as modified. *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision[,] or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

3. Because our resolution of the prior issues is dispositive, we decline to address the final issue on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**AFFIRMED AS MODIFIED IN PART, REVERSED AND REMANDED IN PART.**

**WILLIAMS and LOCKEMY, JJ., concur.**

**MCDONALD, J., concurring in part and dissenting in part.**

**MCDONALD, J.:**  I concur in the result reached by the majority.  I write separately, however, to address this court's holding on the negligence/gross negligence claim against the City of Forest Acres.

To the extent the majority opinion gives the impression that Appellant appealed only the circuit court's dismissal of a "negligent supervision" claim, I would clarify that "negligent supervision" was merely one component of Appellant's cause of action against the City.

The circuit court cogently recognized that the

> Complaint alleges that the City was negligent or grossly negligent in the following particulars:  (1) in appointing Defendants Greenwood and Frady to their positions when they were unqualified (2) in failing to "properly supervise defendants Frady and Greenwood in the performance of their duties" (3) in "failing to listen to or follow through with numerous complaints made by the Plaintiff . . . and discourage the defendants Frady and Greenwood from harassing, coercing and interfering with the plaintiff's daily activities and (4) knowingly allowing disparate and unequal application of the building codes and city ordinances to deny plaintiff the same or similar relief granted to numerous other residents and businesses. . . ."

While the circuit court's order certainly focuses on the partial *Degenhart* "negligent supervision" analysis and Equal Protection[3] theory presented by the City, the court's "Conclusion" orders "that the Plaintiff's Complaint against the City of Forest Acres be dismissed with prejudice."  Appellant did not limit his appeal to an appeal of the circuit court's dismissal of a "negligent supervision" claim but properly addressed the circuit court's holding on his "negligence/gross negligence" claim in his Consolidated Rule 59(e) Motion to Alter or Amend, his opening brief,

---

[3] Interestingly, the Complaint sets forth no "Equal Protection" claim, nor any other claim pursuant to 42 U.S.C. § 1983.  Appellant's cause of action against the City is set forth as a "negligence/gross negligence" claim including the particulars referenced by the circuit court.

his reply brief, and at oral argument.[4]  Thus, I would specify that the evidence submitted, when viewed in the light most favorable to Haynie, establishes that the circuit court's grant of summary judgment on the negligence/gross negligence claim was erroneous.[5]

---

[4] For example, Appellant has argued that the error in the circuit court's foreseeability ruling was sufficient to bring about "a whole reversal on the negligence/gross negligence order of the lower court."

[5] Appellant did not contest the circuit court's dismissal of the "negligent hiring" particular of the negligence/gross negligence claim.