**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1122**

PRINCE GEORGE PARISH OF PRINCE GEORGE WINYAH,

Plaintiff - Appellant,

v.

GUIDEONE MUTUAL INSURANCE COMPANY,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:19-cv-01302-RMG)

Submitted:  November 10, 2020                     Decided:  December 16, 2020

Before THACKER, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Oana D. Johnson, Charleston, South Carolina; Harry A. Oxner, OXNER & STACY, P.A., Charleston, South Carolina; George J. Kefalos, GEORGE J. KEFALOS, P.A., Charleston, South Carolina, for Appellant.  Anthony E. Rebollo, Benjamin P. Carlton, Carmen V. Ganjehsani, RICHARDSON, PLOWDEN & ROBINSON, PA, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Prince George Parish of Prince George Winyah ("the Parish") appeals the district court's orders dismissing its breach-of-contract action against its insurance carrier, GuideOne Mutual Insurance Company ("GuideOne"), and denying reconsideration. On appeal, the Parish challenges the district court's determination that GuideOne did not owe a duty to defend the Parish in an underlying trademark lawsuit. For the reasons that follow, we affirm.

We review a district court's dismissal under Fed. R. Civ. P. 12(b)(6) de novo, "assuming as true the complaint's factual allegations and construing all reasonable inferences in favor of the plaintiff." *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (internal quotation marks omitted). To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In South Carolina, "[i]t is well settled that an insurer's duty to defend is based on the allegations of the underlying complaint." *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 514 S.E.2d 327, 330 (S.C. 1999). "In examining the [underlying] complaint, a court must look beyond the labels describing the acts to the acts themselves which form the basis of the claim against the insurer." *Collins Holding Corp. v. Wausau Underwriters Ins. Co.*, 666 S.E.2d 897, 899 (S.C. 2008). "If the facts alleged in the complaint raise a reasonable possibility that the insured may be held liable for some act or omission covered by the policy, then the insurer must defend. If no such possibility is raised, no duty of defense is owed." *Liberty Life Ins. Co. v. Commercial Union Ins. Co.*, 857 F.2d 945, 949 (4th Cir.

2

1988); *accord Gordon-Gallup Realtors, Inc. v. Cincinnati Ins. Co.*, 265 S.E.2d 38, 40 (S.C. 1980).

Under the Parish's insurance policy, GuideOne agreed to defend any suit seeking tort damages, allowed by law, arising out of personal and advertising injury. However, the plaintiffs in the underlying action did not specifically request damages; rather, they sought declaratory relief, injunctive relief, cancellation of trademark registrations, attorney's fees and costs, and any other appropriate relief. Thus, on the surface, it is clear that the Parish's policy did not provide coverage for the trademark action.

Nevertheless, the Parish maintains that the allegations in the trademark action could have supported an award of tort damages, thus bringing the action within the scope of the policy. We disagree. Although, as the Parish contends, there are circumstances in which a court might award damages to a plaintiff who did not request them, *see McMaster v. Strickland*, 472 S.E.2d 623, 625-26 (S.C. 1996), such an outcome here was far too remote to constitute a reasonable possibility that the Parish would be held liable for damages. For this reason, we conclude that the trademark litigation did not trigger GuideOne's duty to defend.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3