### UNION INSURANCE COMPANY, Plaintiff,

v.

**SOLEIL GROUP, INC.; Main Street Hotel, LLC; Barbara Smith; Cameron Smith, a minor, by and through his/her Guardian ad Litem Thomas Kevin Smith; Cassidy Smith, a minor, by and through his/her Guardian ad Litem Thomas Kevin Smith; Christopher Triplett; Gary Smith; Koby Smith, a minor, by and through his/her Guardian ad Litem Thomas Kevin Smith; Krishna Kasibhatla; Sudha**

568

Kasibhatla; Suzanne Burns; Thomas Kevin Smith; Tyler Smith, a minor, by and through his/her Guardian ad Litem Thomas Kevin Smith; John Burman; and Judith Burman, Defendants.

C.A. No. 2:06–573–PMD–RSC.

United States District Court,
D. South Carolina,
Charleston Division.

Dec. 4, 2006.

Derek Farrell Dean, Keating Lewis Simons, III, Simons and Keaveny, Charleston, SC, for Plaintiff.

J.W. Nelson Chandler, Robert C. Byrd, Parker Poe Adams and Bernstein, Charleston, SC, Robert Francis McMahan, Jr., Harris and Graves, Columbia, SC, Paul C. Rathke, Joel Bieber Law Firm, Greenville, SC, for Defendants.

Christopher Triplett, Fayetteville, GA, Pro se.

## ORDER

DUFFY, District Judge.

This matter is before the court upon the Magistrate Judge's recommendation that Defendant Soleil Group, Inc.'s ("Soleil") and Defendant Main Street Hotel, LLC's ("Main Street") motion to dismiss be denied.[1] The Record contains a Report and Recommendation ("R & R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b). A dissatisfied party may object, in writing, to an R & R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On September 27, 2006, Union Insurance Company ("Union" or "Plaintiff") filed an objection to the R & R. On October 5, 2006, Soleil and Main Street (the "Soleil Group") filed timely objections to the R & R.

## BACKGROUND

On February 24, 2006, Plaintiff brought suit against Defendants seeking a declaratory judgment that Plaintiff does not have a duty to defend or a duty to indemnify its insureds, the Soleil Group, the owners of the Sheraton Hotel in North Charleston, South Carolina, under the insureds' commercial general liability (CGL) insurance policy. The individual defendants are former guests at the Sheraton Hotel who contracted Legionnaire's Disease or Pontiac Fever from Legionella bacteria found by the South Carolina Department of Health and Environmental Control ("DHEC") on October 18, 2005, in the pool and/or hot tub water at this hotel. During

---

1. Although only Soleil and Main Street move to dismiss, this order applies to all parties. *See Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir.1985) ("Although plaintiffs have not questioned the district court's jurisdiction, lack of subject matter jurisdiction is an issue that requires sua sponte consideration when it is seriously in doubt.").

DHEC's investigation, it learned of fifteen cases of Pontiac Fever and three cases of Legionnaire's Disease traceable to exposure to Legionella bacteria between October 4 and 15, 2005, at the Sheraton's pool/hot tub.

Although no suit has been filed in any forum against the Soleil Group regarding exposure to Legionella bacteria, Plaintiff anticipates that some or all of the individual defendants and unknown others may assert such claims. (Complaint ¶ 13.) Plaintiff asserts coverage is precluded by an exclusion in its policy applicable to fungi and bacteria. By its terms the policy does not apply to:

> "bodily injury" or "property damage" which would not have occurred in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

Neither the Supreme Court of South Carolina nor the Court of Appeals of South Carolina has interpreted the meaning of this exclusion. Because no suit has been filed against the Soleil Group regarding exposure to Legionella bacteria, the Soleil Group moved to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting this action should be dismissed due to the absence of a ripe, justiciable controversy. If this court finds that a ripe controversy exists, however, Soleil Group requests this court dismiss the action by declining to exercise its discretionary jurisdiction under the Declaratory Judgment Act.

Despite the fact that the individuals exposed to the bacteria have not yet brought suit, Plaintiff argues the matter is ripe as the facts will show the following:

- At Soleil Group's instance a claims file was established.
- Numerous claimants have communicated with Union's claims adjusters about their claims.
- Some of the claimants engaged counsel, even before this action was brought.
- Claimants have presented medical authorizations and/or otherwise provided medical information in support of their claims.
- At least two of the claimants have significant medical expenses, approximately $86,000 in one case and $137,000 in another.
- Prior to the filing of this action Soleil Group, through counsel, communicated with Union about its recognition of the claims to be made.

Plaintiff further asserts the pleadings filed by the individual defendants indicate the case is ripe. The two Kasibhatla claimants have answered and state that they "are asserting claims for bodily injuries, personal injuries, and other alleged injuries and damages against Plaintiff's insured." (Ans. of Kasibhatlas ¶ 13.) The Smith Defendants (Barbara Smith, Cameron Smith, Cassidy Smith, Gary Smith, Koby Smith, Thomas Kevin Smith, Tyler Smith, and Suzanne Burns) have answered and state that they "will assert a claim for bodily injury, personal injury and/or other injuries or damages." (Ans. of Smiths ¶ 8.) Defendant Triplett has likewise answered and admits he has asserted or will assert claims for bodily injury, personal injury or other alleged injuries and damages against Plaintiff's insureds. (Ans. of Triplett ¶ 14.) In addition, in a letter dated September 12, 2006, counsel for the Burman Defendants demanded "settle-

ment of their personal injury cases" in the amount of $425,000. (*See* Plaintiff's Objection to R & R at 9.)

Furthermore, the individual defendants assert their injuries were caused by exposure to bacteria. In their answer, the Kasibhatla claimants admit exposure to bacteria and/or pollutants and admit the contraction of Pontiac Fever or Legionnaire's Disease. (Ans. of Kasibhatlas ¶ 12.) The Smith Defendants likewise admit they were exposed to bacteria but deny they were exposed to pollutants. (Ans. of Smiths ¶ 7.) Defendant Triplett states in his answer that "he was exposed to bacteria or pollutants caused by bacteria from the indoor pool/hot tub, air conditioning, drinking water, or some other source at the Sheraton Hotel ... which caused [him] to cont[r]act Legionnaire's Disease and to suffer life threatening bodily injury, personal injury and/or other injuries or damages." (Ans. of Triplett ¶ 13.) Although the Burman Defendants have not yet answered, in a letter dated September 12, 2006, their attorney stated that they were victims of the Legionellosis outbreak at the Sheraton Hotel. (*See* Plaintiff's Objection at 9.)

In his R & R dated September 18, 2006, Magistrate Judge Carr recommended that Defendant Soleil Group's motion to dismiss be denied. Judge Carr found that the matter is ripe and presents an actual case or controversy within the meaning of Article III of the United States Constitution.

## STANDARD OF REVIEW

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the complaint fails to state facts upon which jurisdiction can be founded, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is af-forded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). The plaintiff has the burden of proving jurisdiction, and the court may go beyond the face of the complaint and consider evidence without converting the motion into one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

### B. Magistrate Judge's R & R

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R & R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R & R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R & R, and the objections, the court does not adopt the R & R.

## ANALYSIS

### A. Plaintiff's Objection

As a preliminary matter, this court will address Plaintiff's objection. In the R & R, the Magistrate Judge stated that "at oral argument, [Plaintiff] withdrew that part of its complaint which sought a declaration that it had no duty to defend the Soleil Group." (R & R at 2.) Plaintiff objected to this determination. At the hearing, Plaintiff's counsel said,

> Now, I agree that we can't say that we don't have to defend any complaint filed by any of these people because we don't know what those complaints will say. So I concede that point. And we are not asking the Court to look into a crystal ball and say what these people will or won't allege. That's not what we are asking the Court to do. We are asking the Court simply to state that we do not have coverage for bodily injury claims

arising out of exposure to the Legionnaires bacterium in a hot tub in this hotel from October 14th to the 18th, I think were the dates, um, in 2005. That's what we are asking for. And if a claimant comes along and makes an allegation in a complaint of something other than that, then we'll have to address that and probably—well, let me be careful. Subject to what the complaint says at the time, we may have an obligation to defend it.

(Transcript of Hearing p. 39.) This court finds Plaintiff's objection to have merit; Plaintiff has not withdrawn the part of its complaint seeking a declaration that it has no duty to defend the Soleil Group. Defendants Soleil and Main Street continue to assert that any issue as to the duty to defend is premature and thus not ripe for adjudication. (Soleil Group Objections at 3.) Because Plaintiff has not withdrawn this part of its complaint, this court will address whether the issue regarding Plaintiff's duty to defend is ripe for review.

### B. Defendant Soleil Group's Objections

 The Soleil Group objects to the Magistrate Judge's determination that Plaintiff's claims are ripe for review. A complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure if the court lacks jurisdiction over the subject matter. *See* Fed.R.Civ.P. 12(b)(1). Subject matter jurisdiction in the federal courts is limited to the adjudication of actual "cases" and "controversies" under Article III of the United States Constitution. *See* U.S. CONST. art. III, § 2; *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants."); *Bryant v. Cheney*, 924 F.2d 525, 529 (4th Cir.1991). If a dispute is not ripe for judicial review, then it does not meet

the case or controversy requirement. *See Bryant*, 924 F.2d at 529 ("Doctrines like standing, mootness, and ripeness are simply subsets of Article III's command that the courts resolve disputes, rather than emit random advice."). In addition to the constitutional limitations on the jurisdiction of the federal courts, the doctrine of ripeness is drawn from "prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Social Servs. Inc.*, 509 U.S. 43, 57 n. 18, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993); *see also Blanchette v. Conn. Gen. Ins. Corps.*, 419 U.S. 102, 138, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974). This doctrine exists " 'to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.' " *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

### 1. Duty to Defend

 In this declaratory judgment action, Plaintiff seeks a declaration that it does not have a "duty to indemnify or defend its insureds, or to otherwise pay any sums to any of the individual Defendants for any claims or potential claims they may have as a result of the exposure, alleged exposure or potential exposure to bacteria and/or pollutants." (Complaint pp. 5–6.) Pursuant to South Carolina law, an insurer's duty to defend is determined by the allegations of the underlying complaint. *Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 387–88 (4th Cir. 2001) (citing *R.A. Earnhardt Textile Mach. Div., Inc. v. S.C. Ins. Co.*, 277 S.C. 88, 90, 282 S.E.2d 856, 857 (1981)). If the facts alleged in the underlying complaint "fail to bring the case within the policy coverage, the insurer is free of the obligation to defend." *R.A. Earnhardt*, 277 S.C. at 90, 282 S.E.2d at 857. However,

the complaint is construed liberally, with all doubts resolved in favor of the insured. "If the underlying complaint creates a possibility of coverage under an insurance policy, the insurer is obligated to defend." *Isle of Palms Pest Control Co. v. Monticello Ins. Co.*, 319 S.C. 12, 15, 459 S.E.2d 318, 319 (Ct.App.1994) (citing *Gordon–Gallup Realtors, Inc. v. Cincinnati Ins. Co.*, 274 S.C. 468, 471, 265 S.E.2d 38, 40 (1980)). While the duty to defend is based on the allegations in the underlying complaint, the "duty to indemnify is based on evidence found by the factfinder." *Ellett Bros.*, 275 F.3d at 388. When findings of fact have not been made in the underlying lawsuit, the indemnity claim is not ripe. *Id.*

In *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937), the Supreme Court found a justiciable controversy in a suit by an insurer against an insured, despite the fact that the insured had not filed suit against the insurer. The insurer brought suit against the insured, seeking "a decree that the four policies be declared to be null and void by reason of lapse for nonpayment of premiums." *Id.* at 239, 57 S.Ct. 461. The insured in *Haworth* "claimed that he had become totally and permanently disabled and hence was relieved of the obligation to continue the payment of premiums and was entitled to the stipulated disability benefits and to the continuance of the policies in force." *Id.* at 242, 57 S.Ct. 461. The insurer claimed that the insured was not totally disabled, the insured had not been relieved of his duty to pay premiums, the policies had lapsed, and the insurer thus had no obligation to pay benefits or keep the policy in force. *Id.* In finding a justiciable controversy to exist, the Supreme Court said,

> That the dispute turns upon questions of fact does not withdraw it ... from judicial cognizance.... [Whether the insured became totally and permanently disabled] is a controlling fact which can be finally determined and which fixes rights and obligations under the policies. If it were found that the insured was not totally and permanently disabled when he ceased to pay premiums and hence was in default, the effect of that default and the consequent right of the company to treat the policies as lapsed could be definitely and finally adjudicated. If it were found that he was totally and permanently disabled as he claimed, the duty of the company to pay the promised disability benefits and to maintain the policies in force could likewise be adjudicated. There would be no difficulty in either event in passing a conclusive decree applicable to the facts found and to the obligations of the parties corresponding to those facts.... If the insured brought suit to recover the disability benefits currently payable under ... the policies there would have been no question that the controversy was of a justiciable nature.... But the character of the controversy and of the issue to be determined is essentially the same whether it is presented by the insured or by the insurer.

*Id.* at 242–44, 57 S.Ct. 461.

Although the Supreme Court found a justiciable controversy in *Haworth* despite the fact that the insured had not filed suit against the insurer, the facts of that case are distinguishable from the facts before this court. The factual issue needing resolution in *Haworth* was whether the insured had become totally and completely disabled; determining this fact between the insurer and the insured would resolve the case. The Court in *Haworth* was simply determining the relationship between the insurer and the insured. Unlike in *Haworth*, the case before this court involves more than a determination of the relation-

ship between the insurer and the insured because third parties have been injured. This case is not about whether a policy is in force. This case is about whether Plaintiff has the duty to defend, the duty to indemnify, or both duties arising from lawsuits yet to be filed.[2]

■ In this action, no suit has been filed against the Soleil Group regarding exposure to Legionella bacteria. This court therefore cannot compare the allegations in the complaint to the policy language in order to determine whether Plaintiff has a duty to defend the Soleil Group. Plaintiff makes much of the fact that the individual defendants are likely to file suits against the Soleil Group and in fact have asserted they will do so in their formal pleadings. Even so, any attempt by this court to determine Plaintiff's duty without the benefit of an underlying complaint is impermissible due to the absence of a justiciable controversy.

## 2. Duty to Indemnify

In addition to its claims regarding the duty to defend, Plaintiff also seeks a declaration that it does not have a duty to indemnify its insureds with respect to the exposure to bacteria. Some South Carolina authority says the "duty to indemnify is based on evidence found by the factfinder," and when findings of fact have not been made in the underlying lawsuit, the indemnity claim is not ripe. *Ellett Bros.*, 275 F.3d at 388. Other South Carolina authority says that "[i]n an action for declaratory judgment, the obligation of a liability insurance company to defend and indemnify is determined by the allegations in the complaint." *Mfrs. & Merchs. Mut. Ins. Co. v. Harvey*, 330 S.C. 152, 162, 498

---

**2.** Both parties discuss *Patrons Oxford Mutual Insurance Co. v. Garcia*, 707 A.2d 384 (Me. 1998), at length in their memoranda regarding Soleil Group's Motion to Dismiss. In that case, a tenant was injured by an electrical shock he received while operating a pump in the flooded basement of his residence. *Id.* at 385. The plaintiff insurer filed suit against the landlord insured, seeking a declaratory judgment that it had no duty to defend or indemnify the landlord with respect to this incident. *Id.* The Supreme Judicial Court of Maine affirmed the lower court's determination that the issue was not ripe, noting that "[b]ecause an insurer's duty to defend its insured against a suit is ordinarily determined by comparing the facts alleged in the complaint with the terms of the policy, the insurer's duties are not usually fit for adjudication until a complaint has been filed against its insured." *Id.* Despite this general rule, the court stated,

> We have identified several instances where the insurer is not required to await the filing of the complaint in order to seek declaratory relief. A narrow exception exists where the insurer disputes its duties to defend and indemnify based on issues such as nonpayment of a premium, cancellation

of a policy, failure to cooperate or lack of timely notice. In these circumstances, both obligations may be appropriately determined prior to the entry of judgment in the underlying tort action. **The rationale for these exceptions is that the coverage dispute depends entirely on the relationship between the insurer and the insured, not on facts to be determined in the underlying litigation.** Additional exceptions exist where the insured, the insurer, and the injured claimant stipulate to the facts material to the insurer's duty to indemnify or where the pertinent facts have been determined in other proceedings. In either case, the concern about requiring the insured to litigate the facts of a claim simply to obtain a defense is not present.

*Id.* at 386 (internal quotation marks and citations omitted) (emphasis added).

Like Maine, South Carolina has the general rule that an insurer's duty to defend depends on the allegations in the underlying complaint. *See Ellett Bros.*, 275 F.3d at 387–88. Furthermore, because the parties have not stipulated to the facts, and because the coverage dispute does not depend entirely on the relationship between the insurer and the insured, the "narrow exception" does not arise.

S.E.2d 222, 227 (Ct.App.1998) (citing *RA Earnhardt,* 277 S.C. 88, 282 S.E.2d 856).

As the individual defendants have not yet brought action against the Soleil Group, this court finds the Plaintiff's declaratory judgment action regarding the duty to indemnify is not ripe for adjudication. Without the benefit of the individual defendants' complaints, determining whether Plaintiff has the duty to indemnify would be premature. This court is aware that the Fourth Circuit has approved of using federal declaratory judgment actions to resolve disputes over liability insurance coverage even in advance of a judgment against the insured. *See, e.g., Stout v. Grain Dealers Mut. Ins. Co.,* 307 F.2d 521 (4th Cir.1962); *Farm Bureau Mut. Auto. Ins. Co. v. Daniel,* 92 F.2d 838 (4th Cir. 1937). These two cases involved disputes over liability coverage before a judgment was rendered against the insured, but in both of these cases, an underlying complaint existed.[3] Aside from the case *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937), this court is not aware of any binding precedent finding a justiciable controversy regarding an insurer's duty to indemnify or defend prior to the commencement of an underlying action. Accordingly, this court grants Soleil Group's Motion to Dismiss for lack of subject matter jurisdiction.[4]

---

[3]. Although the issue of an insurer's duty to indemnify may be ripe prior to a judgment against the insured, this court believes the lack of an underlying complaint is determinative. The duty to defend, which depends on the allegations in the underlying complaint, is broader than the duty to indemnify. *See Green Textile Assocs., Inc. v. Fed. Ins. Co.,* No. 7:05–3233–HMH, 2006 WL 1677184, at *5 (D.S.C. June 16, 2006). "Although an insurer's duty to *indemnify* will depend on resolution of facts alleged in the complaint, no such factfinding is necessary if there is no duty to *defend* because the allegations, even when taken as proved, would fall outside the policy's

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Defendant Soleil Group's Motion to Dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

coverage." *Penn–America Ins. Co. v. Coffey,* 368 F.3d 409, 413 (4th Cir.2004) (applying Virginia law). If the broader issue of duty to defend is not ripe due to the absence of an underlying complaint, then the duty to indemnify, which depends on resolution of the facts alleged in the underlying complaint, is likewise not ripe for review.

[4]. Because Plaintiff's claims are not ripe for adjudication, this court will not address the Soleil Group's objection to the Magistrate Judge's determination that this court should exercise its discretionary jurisdiction under the Declaratory Judgment Act.