UNION INSURANCE COMPANY,
Plaintiff,

v.

SOLEIL GROUP, INC.; Main Street Hotel, LLC; Barbara Smith; Cameron Smith, a minor, by and through his/her Guardian ad Litem Thomas Kevin Smith; Cassidy Smith, a minor, by and through his/her Guardian ad Litem Thomas Kevin Smith; Christopher Triplett; Gary Smith; Koby Smith, a minor, by and through his/her Guardian ad Litem Thomas Kevin Smith; Krishna Kasibhatla; Sudha Kasibhatla; Suzanne Burns; Thomas Kevin Smith; Tyler Smith, a minor, by and through his/her Guardian ad Litem Thomas Kevin Smith; John Burman; and Judith Burman, Defendants.

C.A. No. 2:06–573–PMD.

United States District Court,
D. South Carolina,
Charleston Division.

May 31, 2008.

Derek Farrell Dean, Keating Lewis Simons, III, Simons and Keaveny, Charleston, SC, for Plaintiff.

J.W. Nelson Chandler, Robert C. Byrd, Parker Poe Adams and Bernstein,

Charleston, SC, Robert Francis McMahan, Jr., Harris and Graves, Columbia, SC, Paul C. Rathke, Joel Bieber Law Firm, Greenville, SC, for Defendants.

Christopher Triplett, Fayetteville, GA, pro se.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon Union Insurance Company's ("Union" or "Plaintiff") Motion for Reconsideration and Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth herein, the court denies Plaintiff's motion.

## BACKGROUND

On February 24, 2006, Plaintiff brought suit against Defendants seeking a declaratory judgment that Plaintiff does not have a duty to defend or a duty to indemnify its insureds, the Soleil Group,[1] the owners of the Sheraton Hotel in North Charleston, South Carolina, under the insureds' commercial general liability (CGL) insurance policy. The individual defendants are former guests at the Sheraton Hotel who contracted Legionnaire's Disease or Pontiac Fever from Legionella bacteria found by the South Carolina Department of Health and Environmental Control ("DHEC") on October 18, 2005, in the pool and/or hot tub water at this hotel. During DHEC's investigation, it learned of fifteen cases of Pontiac Fever and three cases of Legionnaire's Disease traceable to exposure to Legionella bacteria between October 4 and 15, 2005, at the Sheraton's pool/hot tub.

At the time Plaintiff filed its complaint, no suit had been filed in any forum against the Soleil Group regarding exposure to Legionella bacteria. In its Complaint, however, Plaintiff stated that it anticipated that some or all of the individual defendants and unknown others may assert such claims. (Complaint ¶ 13.) In an order dated December 4, 2006, 465 F.Supp.2d 567, the court granted Defendant Soleil Group's Motion to Dismiss. With respect to the duty to defend, the court stated,

In this action, no suit has been filed against the Soleil Group regarding exposure to Legionella bacteria. This court therefore cannot compare the allegations in the complaint to the policy language in order to determine whether Plaintiff has a duty to defend the Soleil Group. Plaintiff makes much of the fact that the individual defendants are likely to file suits against the Soleil Group and in fact have asserted they will do so in their formal pleadings. Even so, any attempt by this court to determine Plaintiff's duty without the benefit of an underlying complaint is impermissible due to the absence of a justiciable controversy.

(465 F.Supp.2d at 574.) The court likewise determined the duty to indemnify was not ripe for adjudication. (*See* 465 F.Supp.2d at 574–75.)

On January 2, 2007, Plaintiff filed a Notice of Appeal, appealing the court's order dated December 4, 2006. On February 5, 2007, Christopher Triplett and Debra H. Triplett brought suit against Soleil Group, Inc. and Starwood Hotels & Resorts Worldwide, Inc.[2] The Tripletts' Complaint states, "Because of the Defendants' failure to properly maintain the pool/hot tub,

---

**1.** When referring to the "Soleil Group," the court refers to Defendant Soleil Group, Inc. and Defendant Main Street Hotel, LLC.

**2.** In the case *sub judice,* the original action was filed against Starwood Hotels & Resorts

Worldwide Inc. ("Starwood"). However, via a consent order dated August 28, 2006, Main Street Hotel LLC was substituted as a defendant in place of Starwood.

Plaintiff Christopher Triplett contracted a serious illness causing him great bodily harm, expense, and mental suffering." (Triplett Compl. ¶ 11.) Furthermore, on February 22, 2007, the Soleil Group tendered settlement demands to Union on behalf of the Smith Defendants (Barbara Smith, Cameron Smith, Cassidy Smith, Gary Smith, Koby Smith, Thomas Kevin Smith, Tyler Smith, and Suzanne Burns).

On March 5, 2007, Plaintiff filed a Motion for Reconsideration and Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In that Motion, Plaintiff states,

> This Court's dismissal of Union's declaratory judgment action was based upon the absence of any lawsuits having been commenced against Union's insureds. However, that factual predicate no longer exists as a suit has now been filed. Accordingly, Union now seeks relief from the District Court's dismissal of the action pursuant to Rule 60(b)(2) (newly discovered evidence) and Rule 60(b)(6) (any other reason justifying relief from the operation of the judgment), and in accordance with the procedure outlined in *Fobian v. Storage Technology Corp.*, 164 F.3d 887, 891 (4th Cir. 1999)....

(Pl.'s Mot. at 2.) Defendant Soleil Group opposes this motion, arguing the court properly granted its motion to dismiss because Plaintiff "filed this declaratory judgment action against Defendants (its insureds) and certain alleged, individual claimants before this action, or any part thereof, was ripe for adjudication." (Def.'s Resp. in Opp'n at 1.)

### STANDARD OF REVIEW

Rule 60(b) of the Federal Rules of Civil Procedure "provides the means by which a court may relieve a party from a judgment based on one of six grounds." *Lewitzke v. W. Motor Freight*, No. 9:06–0577–PM, 2006 WL 2345986, at *2 (D.S.C. Aug. 11, 2006). The rule provides, in relevant part,

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b). In order to obtain relief pursuant to Rule 60(b), "a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside. If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir.1987). This rule, however, "does not authorize a motion merely for reconsideration of a legal issue.... Where the motion is nothing more than a request that the district court change its mind, ... it is not authorized by Rule 60(b)." *United States v. Williams*, 674 F.2d 310, 312–13 (4th

Cir.1982); *see also United States v. Thomas*, No. 7:05–526–HMH, 2007 WL 634408, at \*1 (D.S.C. Feb. 26, 2007).

### ANALYSIS

Before reaching the merits of the Plaintiff's Rule 60(b) motion, the court must first determine whether it has jurisdiction to consider the motion, as this case is currently on appeal. In *Fobian v. Storage Technology Corp.*, 164 F.3d 887 (4th Cir. 1999), the Fourth Circuit held that "a district court does retain jurisdiction to entertain a Rule 60(b) motion, even when the underlying judgment is on appeal." *Fobian*, 164 F.3d at 889. The court noted the "complication" in determining the district court's role with respect to a Rule 60(b) motion "stems from the well-established principle that an appeal divests a trial court of jurisdiction over 'those aspects of the case involved in the appeal.'" *Id.* at 890 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)). An exception to this principle, however, is that the district court "retains jurisdiction over matters 'in aid of the appeal.'" *Id.* (quoting *In re Grand Jury Proceedings Under Seal v. U.S.*, 947 F.2d 1188, 1190 (4th Cir.1991)).

The Fourth Circuit held that a district court's consideration of a Rule 60(b) motion while an appeal was pending was "in aid of the appeal." *Id.* The court stated, "Just as the district court is better situated than an appellate court to determine whether a Rule 60(b) motion is frivolous, so too is it better equipped to recognize a meritorious motion." *Id.* The Fourth Circuit instructed district courts as follows:

In sum, when a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly. If the district court determines that the motion is meritless, as experience demonstrates is often the case, the court should deny the motion forthwith; any appeal from the denial can be consolidated with the appeal from the underlying order. If the district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from [the Fourth Circuit] for that purpose. By saving judicial resources and avoiding expense and delay, this procedure accords with the overarching mandate in the Federal Rules of Civil Procedure that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action.

*Id.* at 891 (internal quotation marks and citations omitted).

### A. Newly Discovered Evidence Pursuant to Rule 60(b)(2) [3]

█ As previously noted, one of the six grounds listed in Rule 60(b) for relief from a judgment or order is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed.R.Civ.P. 60(b)(2). The Soleil Group argues Union's motion fails to set forth sufficient grounds for relief pursuant to Rule 60(b)(2) "[b]ecause Union relies solely upon events occurring *after* this Court's Order of Decem-

---

**3.** Because the court determines Plaintiff has not satisfied one of the grounds for relief set forth in Rule 60(b), the court need not address the preliminary questions posed in *Park Corp. v. Lexington Insurance Co.*, 812 F.2d 894.

Furthermore, the court notes Plaintiff cites *Firemen's Insurance Co. of Washington, D.C.*

*v. Kline & Son Cement Repair Inc.*, 474 F.Supp.2d 779 (E.D.Va.2007), to support its argument that a justiciable controversy exists. This case, however, is of limited value on the present motion, as the motion before the court in that case was not made pursuant to Rule 60(b).

ber 4, 2006." (Defs.' Resp. in Opp'n at 3.) Union acknowledges its request does not fit within Rule 60(b)(2):

> It is perhaps true that the filing of the lawsuit (and the receipt of formal demands), apprehended and foreseen by Union's filing of the declaratory judgment action, is not "after discovered evidence" in the ordinary application. However, the present motion for reconsideration is consistent with the purpose and spirit of that portion of Rule 60. The newly discovered evidence provision of Rule 60(b)(2) is aimed at correcting an erroneous judgment stemming from the unobtainability of evidence. Consequently, a party seeking a new trial under Rule 60(b)(2) must show that the missing evidence was of such a material and controlling nature as would probably have changed the outcome. Similarly, these events which occurred after the District Court's Order, particularly the filing of the Triplett complaint, are so material that they would probably have changed the basis for the court's initial ruling.

(Pl.'s Reply at 5.)

The court agrees with the Soleil Group—Rule 60(b)(2) is not applicable to events occurring after the court issued its order on December 4, 2006. "Events occurring after trial are not 'newly discovered evidence' within the meaning of 60(b)(2)." *Lowe v. Mercedes Benz of N. America, Inc.,* 103 F.3d 118, at *3 (4th Cir.1996) (unpublished table decision) (citing 11 CHARLES ALAN WRIGHT & ARTHUR R.

MILLER, FEDERAL PRACTICE AND PROCEDURE § 2859 (2d ed. 1995); *Boyd v. Bulala,* 672 F.Supp. 915, 922 (W.D.Va.1987), *rev'd in part on other grounds,* 877 F.2d 1191 (4th Cir.1989)); *see also Hobbs v. United States,* 947 F.2d 941, at *7 (4th Cir.1991) (unpublished table decision) ("As a threshold matter, the [Regulatory Guidance Letter] cannot be considered newly discovered evidence under Fed.R.Civ.P. 60(b)(2) as the letter did not exist at the time of trial."). Because the Tripletts had not filed their complaint and the Smith Defendants had not made a settlement demand at the time the court issued its order, these facts do not entitle Plaintiff to relief pursuant to Rule 60(b)(2).

**B. Other Reasons Justifying Relief Pursuant to Rule 60(b)(6)**

■ Plaintiff also seeks relief pursuant to Rule 60(b)(6), which allows a party to seek relief from a judgment or order for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6).[4] The Soleil Group argues Plaintiff's motion should be denied "because any alleged 'ripening' is insufficient to confer jurisdiction on the Court where such jurisdiction did not originally exist." (Defs. Resp. in Opp'n at 4.) "The existence of federal jurisdiction ordinarily depends on the facts *as they exist when the complaint is filed.*" *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 569 n. 4, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *see also Lyons v. Weltmer,* 174 F.2d 473, 473 (4th Cir.1949) (noting "questions of jurisdiction are to be

---

**4.** The Soleil Group argues Rule 60(b)(6) is not an appropriate mechanism for relief because it "does not give the district court the power to grant relief in those situations that are excluded under Rule 60(b)(1–5)." (Defs.' Resp. in Opp'n at 3.) The Soleil Group is correct that "[a] Rule 60(b)(6) motion must be based upon some other reason than those stated in clauses (1)(5)." *Lepore v. Ramsey,* 149 F.R.D. 90, 94 (D.Md.1993) (internal quotation marks and citations omitted). The Soleil Group argues that because events occurring after trial are excluded from Rule 60(b)(2), they are also excluded as a basis of relief pursuant to Rule 60(b)(6). (*See* Defs.' Resp. in Opp'n at 3.) The court need not reach this argument, however, as it decides Plaintiff is not entitled to relief on its motion on other grounds.

determined on the basis of conditions existing at the time the action was instituted"). However, some courts have considered events occurring after a lawsuit is filed to be relevant in determining whether a case or controversy existed at the time of filing. For example, in *GTE Directories Publishing Corp. v. Trimen America, Inc.*, 67 F.3d 1563 (11th Cir.1995), the United States Court of Appeals for the Eleventh Circuit reversed the district court's dismissal of an action for lack of an actual case or controversy. *GTE*, 67 F.3d at 1564. The Eleventh Circuit stated,

> In the instant case, at the time the Complaint was filed the practical likelihood that GTEDPC would contact Trimen's customers and that Trimen would then sue was very high.... As it turned out, all of the contingencies in this case had disappeared by the time the case went to trial, because GTEDPC *had* contacted Trimen's clients and Trimen *had* filed suit against GTEDPC. While this knowledge cannot be used to create a case or controversy at the time the Complaint was filed, the subsequent course of events reinforces our belief that at the time the Complaint was filed there was a real and substantial controversy admitting of specific relief through a decree of a conclusive character as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Id.* at 1569 (internal quotation marks and citations omitted); *see also Monster Prods., LLC v. Monster Cable Prods., Inc.*, No. 6:06–293–HMH, 2006 WL 2193190, at *5 n. 1 (D.S.C. Aug. 1, 2006) ("A case or controversy existed in this case when the case was filed. However, like other courts, this court has considered the events that followed the filing of the complaint to reinforce Monster Cable's claim that a case or controversy existed at the time of the filing of the complaint.").

Although some courts have considered events occurring after the complaint was filed as relevant in analyzing jurisdiction, even these courts note the requirement that the case or controversy exist at the time the complaint was filed. *See GTE*, 67 F.3d at 1569; *Monster Cable Prods.*, 2006 WL 2193190, at *5 n. 1. In an order dated December 4, 2006, the court stated,

> Plaintiff makes much of the fact that the individual defendants are likely to file suits against the Soleil Group and in fact have asserted they will do so in their formal pleadings. Even so, any attempt by this court to determine Plaintiff's duty without the benefit of an underlying complaint is impermissible due to the absence of a justiciable controversy.

(465 F.Supp.2d at 574.) The court dismissed Plaintiff's case for lack of jurisdiction even though it recognized the filing of an underlying complaint was likely. Given that the court was aware an underlying complaint would likely be filed, the court is of the opinion that these circumstances are not "extraordinary" such that Plaintiff is entitled to relief. *See Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n. 2 (4th Cir.2000) ("As the Court made clear in *Liljeberg [v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)], ... the difference between Rule 60(b)(6) and Rules 60(b)(1)-(5) is that 'extraordinary circumstances' are required to bring the Rule 60(b)(6) motion within the 'other reason' language of that Rule."); *see also Clayton v. Ameriquest Mortgage Co.*, 388 F.Supp.2d 601, 607 (M.D.N.C.2005).

Although Plaintiff points to facts occurring after the court issued its order, in substance, Plaintiff seeks to have this court reconsider the legal analysis in its order dated December 4, 2006. As previously noted, however, a motion pursuant to Rule 60(b) "does not authorize a motion

merely for reconsideration of a legal issue.... Where the motion is nothing more than a request that the district court change its mind, ... it is not authorized by Rule 60(b)." *Williams,* 674 F.2d at 312–13; *see also Copley v. United States,* 106 F.3d 390, at *1 (4th Cir.1997) (unpublished table decision) (citing *Hartman v. Lauchli,* 304 F.2d 431, 432 (8th Cir.1962), for the proposition that "Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment. The fact that a judgment is erroneous does not constitute a ground for relief under that Rule."). Plaintiff is thus not entitled to relief pursuant to Rule 60(b)(6).

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Plaintiff's Motion for Reconsideration and Relief from Judgment Pursuant to Rule 60(b) is **DENIED.**

**AND IT IS SO ORDERED.**